# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>             Petitioner,<br><br>     v.<br><br>ROBERT S. MUELLAR II,[1]<br><br>             Respondent. | Case No. 1:16-cv-00412-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

On March 25, 2016, Petitioner filed the instant petition for writ of habeas corpus wherein he challenges his eight-year sentence for assault imposed in Kern County Superior Court Case No. BF134705A. (ECF No. 1).

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the facility in which he is held or the chief officer in charge of state penal institutions. See Rule 2(a) of the Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). While the Court would generally give Petitioner an opportunity to amend the name of Respondent, amendment is futile because the Court recommends that the petition be dismissed as an unauthorized successive petition.

1

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his eight-year sentence for assault imposed in Kern County Superior Court Case No. BF134705A. (ECF No. 1). Petitioner previously filed a federal habeas petition in this Court challenging the same sentence in Barger v. Rackley, No. 1:14-cv-00946-LJO-MJS.[2] On November 26, 2014, this previous petition was dismissed with prejudice as it was filed outside the limitations period. Barger v. Rackley, No. 1:14-cv-00946-LJO-MJS, 2014 U.S. Dist. LEXIS 178377 (E.D. Cal. Nov. 26, 2014).

The Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir.2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

## II.

## RECOMMENDATION AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive. Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 1, 2016**

UNITED STATES MAGISTRATE JUDGE